IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01195-RTG

BULMARO SILVESTRE SANTIAGO,

     Applicant,

v.

WARDEN, Denver Contract Detention Facility,
FIELD OFFICE DIRECTOR, Denver Field Office,
TODD M. LYON, Acting Director,
KRISTI NOEM, Secretary of Homeland Security, and
PAMELA JO BONDI, United States Attorney General,

     Respondents.

---

## ORDER TO FILE AMENDED HABEAS APPLICATION

---

Bulmaro Silvestre Santiago is an immigration detainee at the ICE Aurora Contract Detention Facility in Aurora, Colorado. On March 23, 2026, Applicant filed *pro se* a Petition for a Writ of Habeas Corpus and paid the applicable filing fee (ECF No. 1). Thus, this habeas corpus action was opened. In response to the Court's Orders Directing Applicant to Cure Deficiencies (ECF Nos. 4, 7), Applicant filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on the court-approved form ("Application"). (ECF No. 8).

The Court must construe the Application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons,

1

Applicant will be ordered to file an amended habeas application.

## I.     The Application

In the Application, Applicant asserts the following three claims titled: (1) "Violation of Due Process (Fifth Amendment)"; (2) "Unlawful Prolonged Detention"; and (3) "Improper Statutory Authority." (ECF No. 8 at 2). Applicant states that he "is currently detained by [ICE]," and is "being held without a constitutionally adequate bond hearing," violating his right to due process. (*Id.*).

## II.     Analysis

The Application is deficient because Applicant does not identify a cognizable federal claim for relief. Applicant fails to provide a clear statement of the claims he is asserting. Applicant does not identify his citizenship, the date he entered the United States, when and for how long he was previously detained, whether a final order of removal has issued (and if so when it became final), or what legal process he has or has not been provided. He also does not allege any facts to provide good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.

Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although the Court must construe the Application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Under Habeas Rules 2(c)(1) and 2(c)(2), Applicant must identify the specific federal claim he is asserting, and he must provide specific factual allegations in support

of the claim. These rules are more demanding than the rules applicable to ordinary civil actions. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Applicant will be given an opportunity to file an amended application that clarifies the claim he is asserting. Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado - Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website." Therefore, Applicant will be directed to file his amended application on the court-approved form.

Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Applicant file an amended application on the court-approved form that provides a clear statement of a cognizable habeas corpus claim. It is

FURTHER ORDERED that Applicant shall utilize the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form, available at www.cod.uscourts.gov. The **Clerk of Court is directed to mail one copy of the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form to Applicant for his use**. It is

FURTHER ORDERED that, if Applicant fails within the time allowed to file an amended application that complies with this order, the action will be dismissed without further notice.

DATED June 2, 2026.

BY THE COURT:

_____
Richard T. Gurley
United States Magistrate Judge