**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-01195-NYW

BULMARO SILVESTRE SANTIAGO,

     Petitioner,

v.

WARDEN, DENVER CONTRACT DETENTION FACILITY,

     Respondent.

_____

**ORDER**
_____

This matter is before the Court on the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Amended Petition").  [Doc. 10].  Petitioner Bulmaro Silvestre Santiago ("Petitioner") is a citizen of Mexico who is currently detained at the ICE Aurora Contract Detention Facility.  [*Id.* at 1].  He seeks, among other things, a Court order directing Respondent to release him or provide him with a bond hearing.  [*Id.* at 3].

Upon review of the Amended Petition, the Court concludes that good cause exists to enter an order preserving the Court's jurisdiction over this case pursuant to the Court's inherent authority to do so.  The All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a).  The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the

status quo or their own jurisdiction.  *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966).  Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it."  *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondent **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.  *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

Further, upon review of the Amended Petition, it is **ORDERED** that Petitioner shall **SERVE** Respondent with a copy of the Amended Petition, any accompanying papers, and a copy of this Order on or before **July 1, 2026**.  Petitioner shall promptly file proof of such service on the docket by **July 6, 2026**, and counsel for Respondent shall promptly enter their notices of appearance.  Within **seven days of service**, Respondent shall **SHOW CAUSE** why the Amended Petition shall not be granted.  *See, e.g., Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day

deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)).  Any reply shall be filed no later than **seven days** after the Response is filed.

Accordingly, it is **ORDERED** that:

(1)    Petitioner shall **SERVE** Respondent with a copy of the Amended Petition on or before **July 1, 2026** and shall file proof of service on or before **July 6, 2026**;

(2)    Within **seven days** of service, Respondent shall **SHOW CAUSE** why the Amended Petition should not be granted;

(3)    Any reply shall be filed no later than **seven days** after the Response is filed; and

(4)    Respondent **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.

DATED:  June 24, 2026                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge

3