IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Case No. 26-cv-01195-NYW

BULMARO SILVESTRE SANTIAGO,

     Petitioner,

v.

WARDEN, DENVER CONTRACT DETENTION FACILITY,

     Respondent.

_____

**MEMORANDUM OPINION AND ORDER**
_____

This matter is before the Court on the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). [Doc. 10]. Respondent has responded to the Petition. [Doc. 16]. Petitioner did not file a reply, and the time to do so has elapsed. For the reasons set forth in this Order, the Petition is **GRANTED in part**.

**BACKGROUND**

Petitioner Bulmaro Silvestre Santiago ("Petitioner" or "Mr. Santiago"), a citizen of Mexico, entered the United States in or about 1999 and has lived in the country ever since. [Doc 10 at 1 ¶ 1]. On or about September 27, 2025, Mr. Santiago was detained by ICE, and he remains in custody at the ICE Aurora Contract Detention Facility [*Id.* at 1; *id.* at 2 ¶ 2].

Mr. Santiago states that he "requested custody review and/or bond redetermination in immigration court" but "the immigration court did not provide a meaningful individualized determination of whether he is a danger or a flight risk and whether less restrictive alternatives could assure his appearance." [*Id.* at 2 ¶ 5]. Construing Petitioner's filing

liberally,[1] the Court construes this as an assertion that Mr. Santiago has not been given a bond hearing.  Petitioner argues that his detention "without a meaningful individualized bond hearing violates 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment."  [*Id.* at 1].  He also argues that his "prolonged civil detention has become unreasonable and violates procedural and substantive due process."  [*Id.* at 2].  He asks the Court to order Respondent to release him from custody "under reasonable conditions" or, in the alternative, order Respondent to provide Petitioner "an immediate, meaningful, individualized bond hearing before a neutral decision maker, where the Government bears the burden of proving by clear and convincing evidence that continued detention is necessary."  [*Id.* at 3].

On June 22, 2026, counsel entered an appearance and filed a "Clarification of Operative Habeas Claim."  [Doc. 13 at 1].  Counsel states that an immigration judge "issued a removal order on January 22, 2026, and [Petitioner] timely appealed to the Board of Immigration Appeals on February 24, 2026."  [*Id.*].  Counsel also asserts that "[t]o counsel's knowledge, the appeal remains pending and no administratively final order of removal has been entered."  [*Id.*]; *see also* [Doc. 10 at 2 ¶¶ 1–3 (Petitioner acknowledging the removal order but asserting that, because the BIA appeal remains

---

[1] Petitioner filed the Petition pro se, *see* [Doc. 10], though counsel subsequently entered an appearance on Petitioner's behalf, *see* [Doc. 13].  Because the Petition was filed without the assistance of counsel, the Court affords the Petition a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  Liberal construction "means that if the court can reasonably read the pleadings to state a valid claim on which the [litigant] could prevail, it should do so despite the [litigant]'s failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, may not "assume the role of advocate for the pro se litigant." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110).

pending, he "does not have an administratively final order of removal to [his] knowledge")].

In his Response, Respondent states that "[f]or purposes of this specific case, Respondent[] [is] not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 16 at 2]. Respondent "recognize[s] that the Court may then decide to grant the Petition and award appropriate relief" and "submit[s] that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent[], within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." [*Id.*]. Respondent does not contest Petitioner's factual assertion that he has not been provided a bond hearing or his contention that his order of removal is not yet administratively final. *See* [*id.*].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through

3

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Petitioner's first claim turns on whether his detention is governed by § 1226(a). The Court summarizes the statutory framework before turning to Petitioner's arguments.

## I.    Statutory Framework

Two statutory provisions govern detention of noncitizens prior to a final order of removal.[2]  *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).  The first, 8 U.S.C. § 1226, "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'"  *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303).  This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here.  *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)).  Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Another provision, 8 U.S.C. § 1225(b), "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)).  Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for

---

[2] Because an appeal of the removal order remains pending, Petitioner's order of removal is not administratively final.  *See* 8 C.F.R. § 1241.1(a) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals.").

admission." *Jennings*, 583 U.S. at 297.  This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings.  8 U.S.C. § 1225(b)(2)(A) (emphasis added).  Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

The Tenth Circuit has explained that "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Santillan Quiroz v. Mullin*, --- F. 4th ----, 2026 WL 1876709, at *7 (10th Cir. June 30, 2026). "Since § 1225(b)(2)(A) applies only to those seeking admission," the Tenth Circuit has concluded that "§ 1225(b)(2)(A)'s application is limited to the border."  *Id.* at *7–8.  Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing."  *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## II.    Section 1226(a) Applies to Petitioner

Petitioner argues that his detention is governed by § 1226(a).  [Doc. 10 at 1–2]. Respondent does not contest this assertion in his response brief, *see* [Doc. 16], presumably because the Tenth Circuit's decision in *Santillan Quiroz* makes clear that § 1226(a) governs the detention of noncitizens, like Petitioner, who were taken into custody years after they entered the United States.  In *Santillan Quiroz*, the Tenth Circuit reversed the denial of a similar habeas petition filed by a noncitizen who had resided in

the United States for years before he was detained by ICE during a traffic stop. 2026 WL 1876709, at *1–2. The Tenth Circuit reasoned that the *Santillan Quiroz* petitioner and those similarly situated to him, i.e. "those who entered the United States without admission and who have lived here since," "are categorically unable to seek admission while they remain in the country." *Id.* at *7. After all, "[a] person cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered." *Id.* Thus, the Tenth Circuit concluded that "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Id.*; *see also id.* ("Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border."). Because the petitioner in *Santillan Quiroz* had been residing in the United States for years before he was detained, he was not seeking admission and could not be detained under § 1225. *Id.* Instead, the petitioner was subject to detention under § 1226(a). *Id.* at *17 n.13; *see also id.* at *5 (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)").

The analysis and holding in *Santillan Quiroz* controls this case. Mr. Santiago had been residing in the United States for over 20 years when he was detained. His detention is therefore governed by § 1226(a). And because Petitioner has not been provided the bond hearing required by statute, his continued detention without a bond hearing violates § 1226(a). *See, e.g., Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025).

Having determined that § 1226(a) governs Petitioner's detention, the Court also

concludes that his detention without a bond hearing violates his due process rights. Because Petitioner is detained under § 1226(a), at a minimum "the process due to him is that which is afforded under Section 1226(a)." *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025), *aff'd*, 175 F.4th 713 (6th Cir. 2026).  As explained above, that process is an individualized bond determination.  *See, e.g.*, *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) (describing the process owed under § 1226 as "an individualized bond hearing before an [immigration judge]"); *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 485 (E.D.N.Y. 2025) ("[Section] 1226(a) requires an individualized bond determination.").  The Court thus concurs with the numerous other district courts that have held that denying a bond hearing to a noncitizen detained under § 1226(a) violates the noncitizen's due process rights.  *See, e.g.*, *Garcia Cortes*, 2025 WL 2652880, at *4; *Lopez-Campos*, 797 F. Supp. 3d at 784–85.

For the reasons set forth above, the Petition is **GRANTED** with respect to Petitioner's first claim.  The Court need not address Petitioner's other claim.

## III.    Appropriate Remedy

Petitioner asks the Court to order his immediate release.  [Doc. 10 at 3].  In the alternative, he asks the Court to order Respondent to provide him a bond hearing under § 1226(a) at which the Government bears the burden of justifying his detention.  [*Id.*]. Respondent "submit[s] that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent[] . . . provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner."  [Doc. 16 at 2].  Respondent does not address Petitioner's arguments about the appropriate burden.  *See* [*id.*].

The Court finds it appropriate to order a bond hearing, rather than immediate

release.  Section 1226(a) "does not require release—it provides DHS the discretion to grant an alien release on bond."  *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025); *see also Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 (instructing the district court on remand only to order the Government to provide the petitioner with a bond hearing or else release him).  This Court has previously held that a bond hearing before an immigration judge is sufficient to vindicate the procedural protections afforded by § 1226(a).  *See, e.g.*, *Loa Caballero*, 2025 WL 2977650, at *9; *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *4 (D. Colo. Jan. 6, 2026).

Following the weight of authority in this District, the Court has previously required the Government to bear the burden of proof at a § 1226(a) bond hearing where, as here, the petitioner is initially erroneously detained under § 1225.  *See Diaz Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2026); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026); *see also, e.g.*, *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1159 (D. Colo. 2026) ("[T]he weight of authority in this District is clear:  it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)).  *But see De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *4 (D. Colo. Feb. 17, 2026) (declining to place burden on the Government in a similar case).  The Court also concurs with the decisions concluding that "the clear and convincing standard that generally applies to civil detention where liberty is at stake is appropriate here as well."  *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) (quotation omitted); *see also Martinez Escobar*, 2026 WL 503313,

at *5 (collecting cases).

Accordingly, Respondent is **ORDERED** to provide Petitioner a bond hearing no later than **July 30, 2026**. At the bond hearing, the Government shall bear the burden of justifying Petitioner's detention by clear and convincing evidence. **If Respondent does not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.** On or before **August 6, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.[3]

### CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1)    The Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part**;

(2)    Respondent shall provide Petitioner a bond hearing no later than **July 30, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. If Respondent does not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be

---

[3] To the extent Petitioner asks the Court to "[r]equire that any custody hearing consider [his] lack of criminal history, long residence, family ties, ability to pay, medical condition, alternatives to detention, and the hardship to his United States citizen children," [Doc. 10 at 3], the Court respectfully declines to grant this relief. Petitioner's request is not supported by any legal authority. At the bond hearing, Petitioner will have the opportunity to highlight any factors he finds relevant to the custody determination.

immediately released from detention; and

(3)　　On or before **August 6, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED:  July 23, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge