**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-01195-NYW

BULMARO SILVESTRE SANTIAGO,

Petitioner,

v.

WARDEN, DENVER CONTRACT DETENTION FACILITY,

Respondent.

---

# ORDER

---

This matter is before the Court on Petitioner's Motion to Enforce Habeas Relief and for Further Relief (the "Motion" or "Motion to Enforce"). [Doc. 25]. Respondent has responded to the Motion. [Doc. 26]. Petitioner did not file a reply brief, and the time to do so has elapsed. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

Petitioner Bulmaro Silvestre Santiago ("Petitioner" or "Mr. Santiago"), a citizen of Mexico, entered the United States in or about 1999 and has lived in the country ever since. [Doc 10 at 1 ¶ 1]. On or about September 27, 2025, Mr. Santiago was detained by ICE, and he remains in custody at the ICE Aurora Contract Detention Facility [*Id.* at 1; *id.* at 2 ¶ 2]. On July 23, 2026, this Court determined that Petitioner was detained pursuant to 8 U.S.C. § 1226(a), such that he was entitled to a bond hearing. [Doc. 18 at 4–7]. The Court granted Mr. Santiago's habeas Petition in part and ordered Respondents to provide Petitioner a bond hearing at which the Government bears the burden of justifying Petitioner's continued detention by clear and convincing evidence. [*Id.* at 9].

A bond hearing was held on July 29, 2026. [Doc. 25-1 at 4]. The immigration judge (or "IJ") denied bond upon concluding that Mr. Santiago is a flight risk. [*Id.* at 2]. In her explanation, she stated:

> The Court finds that [Petitioner's] release would present an unacceptable flight risk. First, the Court considers [Petitioner's] possible eligibility for relief. On January 23, 2026, an Immigration Judge denied [Petitioner's] Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents and ordered him removed to Mexico. [Petitioner] has appealed this decision to the BIA.
>
> The purpose of an immigration bond is to ensure that [Petitioner] will appear at future hearings for removal, if so ordered. Currently, [Petitioner] has no future hearings with the Court. [Petitioner's] limited options to lawfully remain in the United States and the speculative likelihood that an appeal be granted substantially increase his flight risk because he has little incentive to appear for his removal.
>
> Inherent in the concept of flight risk is not only whether the alien will appear at future hearings before the Immigration Judge, but also whether the alien is likely to comply with future orders of the Immigration Judge. An alien may have every incentive to appear at future Immigration Court hearings and prolong such proceedings in order to remain in the United States.
>
> Given all the foregoing, the Court therefore concludes that DHS met its burden of proof by clear and convincing evidence [Petitioner's] ongoing detention is justified because his release would pose a significant risk of flight that no amount of bond or combination of conditions could mitigate. Accordingly, the Court finds that a bond is not warranted in this case.

[*Id.* at 6 (citations omitted)].

Petitioner argues that the IJ failed to conduct an individualized determination about his specific risk of flight and that the IJ's failure to do so failed to comply with due process requirements. [Doc. 25 at 2, 4–5]. Respondent does not contest this position, stating instead that he "is not submitting a brief in opposition to the Motion," so he "recognizes that the Court may then decide to grant the Motion and award appropriate relief." [Doc. 26 at 1]. Respondent says that the appropriate relief would be a new bond hearing, [*id.*],

whereas Petitioner argues that the Court should order his release, [Doc. 25 at 7].

## ANALYSIS

Although the INA provides that "[t]he Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien," 8 U.S.C. § 1226(e), this statute "only bars review of the Attorney General's 'discretionary judgment,'" *Mendez v. Dedos*, No. 1:26-cv-00394-KG-JHR, 2026 WL 973077, at *2 (D.N.M. Apr. 10, 2026) (quoting *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)). "Whether [a petitioner] received the due process to which he was entitled 'is not a matter of discretion' and is subject to judicial review." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also Castillo v. Field Off. Dir.*, No. 25-cv-25296, 2025 WL 4689387, at *5 (S.D. Fla. Dec. 19, 2025) ("Courts have repeatedly concluded that § 1226(e) does not preclude challenges to the procedures used in custody determinations under § 1226." (collecting cases)).

Thus, while the Court cannot "serv[e] as an appellate court over an IJ's bond decision," the Court may "assess[] whether the IJ applied the legal standard prescribed by this Court and otherwise followed the Court's directives." *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026). In this Order, the Court does not weigh the evidence before the immigration judge or act as an appellate court conducting a review of the IJ's ultimate determination. Instead, the Court will "review the nature and structure of the [IJ's decision] for the minimal indicia of due process." *Lopez v. Paulk*, 830 F. Supp. 3d 1356, 1368 (M.D. Ga. 2026).

"[D]ue process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). "The due process requirement that the nature and duration of confinement bear some reasonable relation to the purpose of the individual's commitment necessarily means the bond decision must be individualized." *D.Y.E.H. v. Warden, Irwin Det. Ctr.*, --- F. Supp. 3d ----, 2026 WL 1230386, at *5 (M.D. Ga. Apr. 6, 2026); *see also Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005) ("In the administrative context, [a noncitizen] . . . has the right to an individualized determination of his or her interests." (cleaned up)). "For a bond hearing to be fundamentally fair, any evidence relied upon by an IJ 'must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community.'" *de Souza Almeida v. Lowe*, No. 4:26-cv-01750, 2026 WL 2943125, at *3 (M.D. Pa. Sept. 30, 2026) (quoting *Santos v. Lowe*, No. 1:18-cv-01553, 2020 WL 4530728, at *3 (M.D. Pa. Aug. 6, 2020)).

Mr. Santiago argues that the IJ "did not provide the constitutionally adequately individualized determination contemplated by the Court's habeas relief," [Doc. 25 at 1], and the Court agrees. In her bond decision, the IJ concluded that Petitioner is a flight risk because Petitioner's applications for cancellation of removal and adjustment of status were denied and Petitioner has been ordered removed to Mexico. [Doc. 25-1 at 6]. This line of reasoning, however, "would seemingly preclude bond in any case involving detained individuals with removal orders and/or asylum denials." *Singh v. Baltazar*, No. 26-cv-01947-NRN, 2026 WL 2077483, at *2 (D. Colo. July 17, 2026). "The existence of a removal order does not obviate the IJ's obligation to make an individualized

determination," *Farias-Ortega v. Soto*, No. 25-cv-17848-RK, 2026 WL 2671677, at *4 (D.N.J. Sept. 10, 2026), and by relying on the mere fact that Mr. Santiago is in removal proceedings, the IJ created "a categorical presumption of flight risk, which is the opposite of an individualized assessment." *D.Y.E.H.*, 2026 WL 1230386, at *5. The IJ's categorical approach does not comply with due process requirements. *See de Souza Almeida*, 2026 WL 2943125, at *3 (recognizing that "[m]echanistic reliance on factors that are common to all § 1226(a) detainees will not" meet due process requirements (cleaned up)).

Indeed, the immigration judge made no mention of any circumstances that are particular to *Mr. Santiago* at all. *See* [Doc. 25-1 at 6]. "Although an IJ is not required to discuss ad nauseum every piece of evidence, she still has an obligation to give reasoned consideration to the evidence as a whole, make supportable findings, and adequately explain her reasoning." *Motylev v. Strafford Cnty. Dep't of Corr.*, No. 1:26-cv-00103-SE-AJ, 2026 WL 2516939, at *2 (D.N.H. Aug. 5, 2026) (cleaned up). The IJ's failure to address Petitioner's specific circumstances, relying instead on what is essentially a presumption of flight risk that could be assigned to a great number of immigration detainees, "indicate[s] an absence of the individualization required by due process." *Lopez*, 830 F. Supp. 3d at 1368; *see also Farias-Ortega*, 2026 WL 2671677, at *4 (collecting cases and recognizing that courts have "ruled that a bond hearing is fundamentally unfair where the IJ found that the petitioner is a flight risk based solely on the existence of a removal order and failed to consider a petitioner's individual circumstances"). Because the IJ did not make the individualized determination that due process requires, the Motion to Enforce is **GRANTED**.

Turning to the appropriate relief, Mr. Santiago asks for an order granting him immediate release "subject to appropriate conditions." [Doc. 25 at 7]. Respondent says that "the Court should issue an order that directs a new bond hearing before the immigration court," with no supporting argument. [Doc. 26 at 1].

The Court finds that immediate release is appropriate under the circumstances of this case. In its prior order, the Court directed Respondent to provide Petitioner a bond hearing and ordered that, if Petitioner was not given a bond hearing, he "must be immediately released from detention." [Doc. 18 at 9]. Implicit in the Court's ordering of a bond hearing is that the bond hearing must comply with constitutional requirements. And even after this Court ruled that Petitioner's constitutional rights had been violated because he was detained without a bond hearing, *see* [*id.* at 6–7], his due process rights were violated *again* at the bond hearing. Ordering another bond hearing and risking a third constitutional violation "would only add further insult to the constitutional injury to which Petitioner has already been subjected." *Quiroz Zacarias*, 2026 WL 1092162, at *5. *See also Singh*, 2026 WL 2077483, at *3 (ordering the petitioner's immediate release in similar circumstances); *de Souza Almeida*, 2026 WL 2943125, at *6 (same). In this case, the Court finds that immediate release is appropriate and warranted.

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1) Petitioner's Motion to Enforce Habeas Relief and for Further Relief [Doc. 25] is **GRANTED**;

(2) Respondent **SHALL RELEASE** Mr. Santiago within **48 hours** of the entry of this Order;

(3) On or before **October 8, 2026**, the Parties shall file a joint status report confirming Mr. Santiago's release and informing the Court whether further proceedings are required in this case.

DATED: October 1, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge